**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| **VS.** | **NO. 3:08CR-133-05-C** |
| **THOMAS DARRELL BRYANT** | **DEFENDANT** |

**O R D E R**

The above-styled case was called in open Court on December 16, 2008, for the purpose of initial appearance and arraignment. The United States was represented by David Weiser, Assistant United States Attorney. The proceedings were digitally recorded. The defendant, Thomas Darrell Bryant, appeared in person with Gregory Campbell, retained counsel. As to the matter of arraignment the defendant, through counsel, acknowledged his identity, acknowledged having been furnished a copy of the indictment and advised of the charge contained therein.

The defendant, through counsel, waived formal reading of the indictment and entered pleas of **not guilty** to the charges contained in the Indictment. The Court further enters this general order of discovery and pretrial procedures for criminal actions.

**IT IS THEREFORE ORDERED** as follows:

1. Assignment of trial date. This matter is assigned for trial by jury on **January 20, 2009, at 10:00 a.m.** Counsel shall be present in the courtroom at **9:30 a.m.**

2. Defensive Motions.

    (a) Generally. Defensive motions (except motions for discovery under paragraph 3 infra) shall be filed within thirty (30) days after arraignment, accompanied by a memorandum of authorities, with an extra copy of such memorandum being filed for the convenience of the Court.

Responses and replies will be governed by the Joint Local Rules of the Eastern and Western Districts of Kentucky, and shall be accompanied by a memorandum of authorities. An extra copy shall also be filed for the convenience of the Court.

All memoranda on motions shall be in conformity with LCrR 12.1 of the Joint Local Rules for the United States District Courts of the Eastern and Western Districts of Kentucky. Hearings on motions requiring evidentiary hearings will be set at a mutually convenient time. Counsel shall confer and have all necessary witnesses present and ready to testify at motion hearings.

(b) <u>Motions to Suppress</u>. Paragraph 3(a) of this Order shall apply to motions to suppress evidence, except that the opposing memorandum of the United States with regard to such motions shall be filed no later than five (5) days prior to the date of the suppression hearing before the Magistrate Judge.

3. <u>Pretrial discovery and inspection.</u>

(a)     <u>The Government.</u>  Unless the parties agree otherwise, within ten (10) days after arraignment, the United States Attorney and defense counsel shall confer and, upon request, the United States shall permit the defendant(s) to inspect and copy or photograph:

(1) Any relevant written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

(2) Any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the case, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

(3) Any relevant recorded testimony of the defendant before a grand jury.

(4) Books, papers, documents, tangible objects, buildings or places which are the property of the defendant and which are within the possession, custody or control of the government.

(5) The Federal Bureau of Investigation Identification Sheet indicating defendant's prior criminal record.

(6)  Any evidence favorable to the defendant.

(b) <u>The Defendant.</u>  Unless the parties agree otherwise, within ten (10) days after the arraignment, the United States Attorney and defense counsel shall confer and, upon request, the defendant shall produce all items discoverable pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

(c) <u>Declined Disclosure.</u>  If, in the judgment of the United States Attorney, it would not be in the interests of justice to make any one or more disclosures set forth in paragraph (a) above and requested by defense counsel, disclosure may be declined.  A declination of any requested disclosure shall be in writing, directed to defense counsel, and signed personally by the United States Attorney, and shall specify the types of disclosure that are declined.  If the defendant seeks to challenge the declination, he/she shall proceed pursuant to Subsection (d) below.

(d) <u>Additional discovery or inspection.</u>  If additional discovery or inspection is sought, defendant's attorney shall confer with the appropriate Assistant United States Attorney with a view to satisfying these requests in a cooperative atmosphere without recourse to the Court.  The request may be oral or written and the United States Attorney shall respond in like manner.

    (1) <u>Jencks Act material.</u>  Jencks Act material pursuant to 18 U.S.C. 3500 is not required to be furnished to the defendant by the United States prior to trial.

    (2) <u>Brady material.</u>  The government shall disclose any <u>Brady</u> material of which it has knowledge in the following manner:

        (a)  pretrial disclosure of any <u>Brady</u> material discoverable under Rule 16 (a)(1);

        (b)  disclosure of all other <u>Brady</u> material in time for effective use at trial.

        If the government has knowledge of <u>Brady</u> rule evidence and is unsure as to the nature of the evidence and the proper time for disclosure, then it may request an <u>in camera</u> hearing for the purpose

of resolving this issue; failure to disclose <u>Brady</u> material at the time when it can be effectively used at trial, may result in a recess or a continuance so that the defendant may properly utilize such evidence.

(3) <u>Rule 404(b) evidence.</u> Upon service of a request from the defendant for notice of Rule 404(b) evidence of other crimes, wrongs, or acts, the United States shall provide reasonable notice in advance or trial of the general nature of any such evidence it intends to introduce at trial unless the Court excuses pretrial notice upon motion by the United States showing good cause.

4. <u>Jury Instructions.</u> Within three (3) working days prior to the date set for trial, the parties shall submit to the Court, but need not file in the record, proposed jury instructions on the substantive law of the case. All proposed instructions shall cite supporting authorities. Whenever applicable, the parties shall follow Sixth, Fifth or Eleventh Circuit pattern jury instructions.

**IT IS FURTHER ORDERED** that the defendant shall be **released** on his own recognize.

Date: December 17, 2008

ENTERED BY ORDER OF THE COURT:
DAVE WHALIN
UNITED STATES MAGISTRATE JUDGE
JEFFREY A. APPERSON, CLERK
 by:  /s/Trish Carter
   Deputy Clerk

Copies to:
United States Attorney
United States Marshal
Chief U.S. Probation Officer
Counsel for Defendant

0 | 10